1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES C. MAXEY,                          No.  2:13-cv-2620-TLN-DAD PS

12                    Plaintiff,

13          v.

14   THE UNITED STATES OF AMERICA, et
     al.,
15
                     Defendants.
16
     JAMES C. MAXEY,                          No.  2:14-cv-367-KJM-CKD PS
17
                     Plaintiff,
18
            v.
19
     UNITED STATES SECRET SERVICE,
20
                     Defendant.
21
     JAMES C. MAXEY,                          No.  2:14-cv-369-KJM-AC PS
22
                     Plaintiff,
23
            v.
24
     THOMAS RALEY,
25
                     Defendant.
26

27   /////

28

                                    1

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-370-TLN-DAD PS |
| Plaintiff, | |
| v. | |
| JOHN GARAMENDI, | |
| Defendant. | |
| JAMES C. MAXEY, | No. 2:14-cv-371-KJM-AC PS |
| Plaintiff, | |
| v. | |
| JAMES SANCHEZ, | |
| Defendant. | |
| JAMES C. MAXEY, | No. 2:14-cv-372-KJM-KJN PS |
| Plaintiff, | |
| v. | |
| CHRISTOPHER CHRISTIE, | |
| Defendant. | |
| JAMES C. MAXEY, | No. 2:14-cv-374-GEB-CKD PS |
| Plaintiff, | |
| v. | |
| NATIONAL BASKETBALL ASSOCIATION, INC., | |
| Defendant. | |
| JAMES C. MAXEY, | No. 2:14-cv-375-KJM-CKD PS |
| Plaintiff, | |
| v. | |
| KEVIN JOHNSON, | |
| Defendant. | |

/////

2

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-377-GEB-CKD PS |
| Plaintiff, | |
| v. | |
| GEORGE BUSH I, | |
| Defendant. | |
| JAMES C. MAXEY, | No.  2:14-cv-378-MCE-EFB PS |
| Plaintiff, | |
| v. | |
| DARRELL STEINBERG, | |
| Defendant. | |
| JAMES C. MAXEY, | No.  2:14-cv-379-MCE-AC PS |
| Plaintiff, | |
| v. | |
| MARIA SHRIVER, | |
| Defendant. | |
| JAMES C. MAXEY, | No.  2:14-cv-380-TLN-EFB PS |
| Plaintiff, | |
| v. | |
| JOHN VOLEK, | |
| Defendant. | |
| JAMES C. MAXEY, | No.  2:14-cv-381-TLN-AC PS |
| Plaintiff, | |
| v. | |
| ALBERTO GONZALES, | |
| Defendant. | |

/////

3

1  JAMES C. MAXEY,                           No.  2:14-cv-382-LKK-DAD PS

2                    Plaintiff,

3          v.

4  RAMONA WILLIAMS,

5                    Defendant.

6  JAMES C. MAXEY,                           No.  2:14-cv-383-MCE-CKD PS

7                    Plaintiff,

8          v.

9  ROBERT MUIR MAXEY,

10                   Defendant.

11 JAMES C. MAXEY,                           No.  2:14-cv-384-JAM-DAD PS

12                   Plaintiff,

13         v.

14 MICHAEL MUKASEY,

15                   Defendant.

16 JAMES C. MAXEY,                           No.  2:14-cv-386-LKK-DAD PS

17                   Plaintiff,

18         v.

19 TROY NUNLEY,

20                   Defendant.

21 JAMES C. MAXEY,                           No.  2:14-cv-387-MCE-AC PS

22                   Plaintiff,

23         v.

24 GARLAND BURRELL,

25                   Defendant.

26

27 /////

28
                                    4

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-388-KJM-KJN PS |
| Plaintiff, | |
| v. | |
| CAROLYN DELANEY, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-389-TLN-KJN PS |
| Plaintiff, | |
| v. | |
| U.S. DISTRICT COURT JUDGE MUELLER, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-425-TLN-AC PS |
| Plaintiff, | |
| v. | |
| ELIZABETH BELYEA, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-426-MCE-AC PS |
| Plaintiff, | |
| v. | |
| KAREN LINDE, | |
| Defendant. | |

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-427-MCE-AC PS |
| Plaintiff, | |
| v. | |
| ROZ GOLDENBERG, | |
| Defendant. | |

/////

5

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-428-JAM-KJN PS |
|           Plaintiff, | |
|     v. | |
| JANET HIGH, | |
|           Defendant. | |
| JAMES C. MAXEY, | No.  2:14-cv-429-JAM-KJN PS |
|           Plaintiff, | |
|     v. | |
| SCOTT LESLIE, | |
|           Defendant. | |
| JAMES C. MAXEY, | No.  2:14-cv-430-KJM-DAD PS |
|           Plaintiff, | |
|     v. | |
| MARY CONWAY, | |
|           Defendant. | |
| JAMES C. MAXEY, | No.  2:14-cv-431-LKK-CKD PS |
|           Plaintiff, | |
|     v. | |
| UNKNOWN, | |
|           Defendant. | |
| JAMES C. MAXEY, | No.  2:14-cv-432-GEB-CKD PS |
|           Plaintiff, | |
|     v. | |
| KAREN STANLEY, | |
|           Defendant. | |

/////

6

| | | |
|---|---|---|
| JAMES C. MAXEY, | | No.  2:14-cv-433-KJM-DAD PS |
| | Plaintiff, | |
| | v. | |
| JOANNE FOCTUNATO, | | |
| | Defendant. | |

| | | |
|---|---|---|
| JAMES C. MAXEY, | | No.  2:14-cv-434-JAM-CKD PS |
| | Plaintiff, | |
| | v. | |
| KENNETH WHARRY, | | |
| | Defendant. | |

| | | |
|---|---|---|
| JAMES C. MAXEY, | | No.  2:14-cv-435-MCE-CKD PS |
| | Plaintiff, | |
| | v. | |
| CONDOLEZA RICE, | | |
| | Defendant. | |

| | | |
|---|---|---|
| JAMES C. MAXEY, | | No.  2:14-cv-436-KJM-EFB PS |
| | Plaintiff, | |
| | v. | |
| DAVID KNOLL, | | |
| | Defendant. | |

| | | |
|---|---|---|
| JAMES C. MAXEY, | | No.  2:14-cv-437-KJM-KJN PS |
| | Plaintiff, | |
| | v. | |
| RONALD MARTINEZ, | | |
| | Defendant. | |

/////

7

| | |
|---|---|
| JAMES C. MAXEY, | No. 2:14-cv-438-LKK-DAD PS |
| Plaintiff, | |
| v. | |
| JEFF TISDEL, | |
| Defendant. | |
| JAMES C. MAXEY, | No. 2:14-cv-439-GEB-EFB PS |
| Plaintiff, | |
| v. | |
| DONALD RUMSFELD, | |
| Defendant. | |
| JAMES C. MAXEY, | No. 2:14-cv-440-TLN-AC PS |
| Plaintiff, | |
| v. | |
| WILLIAM DUNCAN, | |
| Defendant. | |
| JAMES C. MAXEY, | No. 2:14-cv-441-TLN-DAD PS |
| Plaintiff, | |
| v. | |
| NATIONAL FOOTBALL LEAGUE (N.F.L.), | |
| Defendant. | |
| JAMES C. MAXEY, | No. 2:14-cv-442-MCE-EFB PS |
| Plaintiff, | |
| v. | |
| THOMAS RIDGE, | |
| Defendant. | |

/////

8

| | |
|---|---|
| JAMES C. MAXEY, | No.  2:14-cv-443-JAM-EFB PS |
| Plaintiff, | |
| v. | |
| KULWANT SINGH, | |
| Defendant. | |
| JAMES C. MAXEY, | No.  2:14-cv-444-JAM-CKD PS |
| Plaintiff, | |
| v. | |
| BRIAN MARTEL, | |
| Defendant. | |
| JAMES C. MAXEY, | No.  2:14-cv-445-TLN-CKD PS |
| Plaintiff, | |
| v. | |
| HARLEY SAUVAGE, | |
| Defendant. | |
| JAMES C. MAXEY, | No.  2:14-cv-446-TLN-DAD PS |
| Plaintiff, | |
| v. | |
| ROGER GOODELL (NATIONAL FOOTBALL LEAGUE), | |
| Defendant. | |
| JAMES C. MAXEY, | No.  2:14-cv-447-KJM-CKD PS |
| Plaintiff, | |
| v. | |
| JASON GANT, | |
| Defendant. | |

/////

9

| | |
|---|---|
| 1 | JAMES C. MAXEY, | No.  2:14-cv-448-MCE-EFB PS |

JAMES C. MAXEY,

        Plaintiff,

    v.

SAN DIEGO INTERNATIONAL
AIRPORT,

        Defendant.

No.  2:14-cv-448-MCE-EFB PS

JAMES C. MAXEY,

        Plaintiff,

    v.

UNITED STATES; PRESIDENT
BARACK OBAMA, and Does 1 through
999,

        Defendants.

No.  2:14-cv-900-JAM-KJN PS

RELATED CASE ORDER AND FINDINGS
AND RECOMMENDATIONS

      Examination of the above-entitled actions reveals that the actions are related within the meaning of E.D. Cal. Local Rule 123.  The actions involve similar claims and similar questions of fact and law, and would therefore entail a substantial duplication of labor if heard by different judges.  *See* E.D. Cal. L.R. 123(a).  Accordingly, the assignment of the matters to the same judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties.

      Pursuant to the Related Case Order issued on January 27, 2014, in the lead case of *Maxey v. Cal. State Bar Assn.,* No. 2:14-cv-133-JAM-EFB PS, relating 61 other actions, the Related Case Order issued on January 28, 2014, in the lead case of *Maxey v. Cal. Medical Bd.,* No. 2:14-cv-238-JAM-EFB PS, relating an additional 8 cases, and the Related Case Order issued on February 3, 2014, in the lead case of *Maxey v. McConnell*, No. 2:14-cv-269-JAM-EFB PS, relating an additional 29 cases, these above-captioned actions will be reassigned to Judge Mendez and Magistrate Judge Brennan.  The parties should be aware that relating the cases under Local Rules 123 merely has the result that both actions are assigned to the same judge; no consolidation of the actions is affected.

1    A.    Motions to Proceed *In Forma Pauperis*

2    In each of the above-entitled actions, in which plaintiff is proceeding *in propria persona*,

3    plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's

4    declarations make the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, the

5    requests to proceed *in forma pauperis* are granted.[1]  28 U.S.C. § 1915(a).

6    B.    Screening of Plaintiff's Complaints

7    Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if

8    it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

9    state a claim on which relief may be granted, or seeks monetary relief against an immune

10   defendant.  In reviewing each of the above captioned complaints under this standard, it is

11   apparent that they must be dismissed.

12   Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

13   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

14   fails to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

15   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

16   (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

17   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

18   a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

19   relief above the speculative level on the assumption that all of the complaint's allegations are

20   true."  *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

21   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

22   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

23   The court must accept as true the allegations of the complaint in question, *Hospital Bldg.*

24   *Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most

25

26   [1]  In *Maxey v. Condoleezza Rice*, No. 2:14-cv-435-MCE-CKD PS, plaintiff did not file a
motion to proceed *in forma pauperis*.  Since plaintiff has moved to proceed *in forma pauperis* in
27   the other 42 cases currently before the court, and has made the showing required by 28 U.S.C.
§ 1915(a)(1) and (2) in each of those cases, the court will permit plaintiff to proceed *in forma*
28   *pauperis* in *Maxey v. Condoleezza Rice*, No. 2:14-cv-435-MCE-CKD PS.

1    favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395

2    U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of

3    the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

4    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

5    defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v.*

6    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

7         Here, as with the other 98 actions plaintiff has filed with this court, the complaints filed in

8    the 45 above-entitled actions are frivolous.  *See Maxey v. Cal. State Bar Assn.*, 2:14-cv-133-JAM-

9    EFB PS, ECF Nos. 3, 5; *Maxey v. Cal. Medical Bd.*, No. 2:14-cv-238-JAM-EFB PS, ECF Nos. 3,

10   4; *Maxey v. McConnell*, No. 2:14-cv-269-JAM-EFB PS, ECF Nos. 3, 4.  Between February 5,

11   2014, and February 10, 2014, plaintiff filed 43 of the 45 above-entitled actions.  In each of these

12   43 cases, plaintiff filed one of two different complaints; the complaints of each version having

13   nearly the same text as the others of that version.  Both versions allege that plaintiff's claims arise

14   from "plaintiff being deprived the most basic rights guaranteed by the California and United

15   States Constitution and statutory law."

16        In one version, plaintiff asserts claims styled as: "Corrupt Organization, Insurance Fraud

17   and Fraudulent Misrepresentation."  In this version, he contends that he suffered injury due to the

18   actions of the U.S. Department of Homeland Security, George W. Bush, Janet Scully, and Arnold

19   Schwarzenegger.  He claims that these individual, along with various federal, state, and local

20   agencies "illegally acquired monetary compensation based upon the U.S. Department of

21   Homeland Security, Fox News Channel and Ruppert [sic] Murdoch['s] fraudulent

22   misrepresentation of the plaintiff  as being 'Osama Bin Laden.'"  Plaintiff seeks "monetary

23   compensation for wrongful violations of human rights, civil rights, privacy rights, harassment,

24   intimidation, coercion, blackmail, physical assault, attempted murder, false arrest, false

25   conviction, false imprisonment and criminal conspiracy to commit murder."

26        In the other version of the complaints, plaintiff asserts claims styled as: "(1) Corrupt

27   Organization, Insurance Fraud, Fraudulent Misrepresentation, Blackmail, Attempted Murder and

28   'Gay Marriage;'" (2) "Defamation of Character, Fraudulent Misrepresentation, and Slander;" and

(3) "Voter Fraud, Insurance fraud, Fraudulent Misrepresentation, Coercion, and Blackmail." Plaintiff also alleges that various individuals and federal, state, and local government agencies illegally acquired monetary compensation by misrepresenting that plaintiff was Osama Bin Laden.  Plaintiff further alleges that "[t]he defendants criminally slandered and fraudulently misrepresented the plaintiff to be a homosexual for the purpose of a United States Supreme Court decision permitting 'gay marriage.'"  He also alleges that various agencies and organizations, in conjunction with former Governor Arnold Schwarzenegger and Governor Jerry Brown, violated his "human, privacy, and civil rights under the United States Constitution."  Plaintiff claims that the named defendants "criminally slandered and caused immeasurable injury to the plaintiff's reputation and good name."  He also alleges that the named defendants harassed, intimidated, coerced, blackmailed, physically assaulted, falsely arrested, and falsely convicted plaintiff as part of a conspiracy to suppress his constitutional rights.

In addition to these 43 complaints, plaintiff has two other cases pending.  These other two do not utilize either of the two versions of complaints discussed above.  Nonetheless, they also must be dismissed as frivolous.

In the first action, *Maxey v. United States of America*, 2:13-cv-2620-TLN-DAD, plaintiff alleges that Kaiser Permanente Hospital and various staff members illegally provided his psychiatric medical records to the defendants, which include the United States of America, the United Kingdom, the Sacramento Kings Professional Basketball team, Halliburton U.S.A., Bel Air Supermarkets, Inc., and Chevron Gasoline Inc., just to name a few.  He also claims that in February 2013 he was wrongly arrested for driving under the influence and that in July 2013, police officers came to his home and "illegally interrogated the plaintiff as to whether or not he had taken his medication."  Two days after this interrogation, police allegedly came to plaintiff's home after he was assaulted by another individual and accused plaintiff of staging a fight scene. Plaintiff also claims that he was arrested by two police officers in August 2013, but instead of taking plaintiff to jail they took him to a hospital emergency room without being charged for a crime.  ECF No. 1 at 5-8.  Plaintiff also claims in this complaint that he was wrongfully discharged form his employment from Sierra College in December 2003.  After his discharge,

1    plaintiff allegedly "became the symbol of a social cause contrary to the 'Defense of Marriage

2    Act.'"  He was also misclassified as a terrorist by the Bush Administration, and has since been

3    "harassed, intimidated, physically assaulted, falsely arrested, falsely convicted, falsely

4    imprisoned, blackmailed and coerced by" George Bush, Daniel Lungren, Queen Elizabeth, former

5    governor Gray Davis, and individuals from various television stations, among others.  *Id*. at 13-

6    14.

7         In the remaining case, *Maxey v. United States*, 2:14-cv-900-JAM-KJN, plaintiff alleges

8    that in 1969, the United States government, in conjunction with the United Kingdom, implanted

9    into plaintiff's body a satellite instrument to monitor his whereabouts.  In this case he also

10   alleges, in conclusory fashion, that he has been threatened, defamed, and subjected to violence.

11   Plaintiff seeks an order requiring defendants to remove the satellite device from his body.

12        Finally, in *Maxey v. United States of America*, 2:13-cv-2620-TLN-DAD PS, plaintiff filed

13   a motion for a preliminary injunction.  ECF No. 4.  Given that the complaint in that action must

14   be dismissed as frivolous, plaintiff necessarily has not met the standards for a preliminary

15   injunction and the motion must be denied.  *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1109

16   (9th Cir. 2009) (In order to be entitled to a preliminary injunction, a party must demonstrate,

17   among other things, "that he is likely to succeed on merits. . . .").

18        Plaintiff has now filed 143 complaints that provide no clue as to what cause of action is

19   being asserted against what defendant.  Apart from the sheer number of seemingly delusional

20   complaints filed by plaintiff, his complaints name many different defendants who--as best as can

21   be gleaned from the complaints--appear to have nothing to do with plaintiff, including the

22   National Basketball Association, the National Football League, Donald Rumsfeld, Condoleezza

23   Rice, and the San Diego International Airport, just to name a few.  Plaintiff's allegations include

24   conclusory and unexplained assertions that the defendants in each case blackmailed, falsely

25   imprisoned, defamed his name, and physically assaulted him.  However, the complaints do not

26   contain specific factual allegations showing any particular cause of action as to any particular

27   defendant.  Nor do his complaints show how this court would have subject matter jurisdiction

28   over any such claim.  Given the failure of the complaints to establish or even suggest a legally

                                        14

1   cognizable claim, the court finds that all of plaintiff's above-captioned complaints are frivolous.

2   *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (observing that a court has the "power to

3   pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

4   contentions are clearly baseless," which includes "claims describing fantastic or delusional

5   scenarios."). Accordingly, all of the above-entitled actions must be dismissed without leave to

6   amend pursuant to 28 U.S.C. § 1915(e)(2). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)

7   (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not

8   be granted where it appears amendment would be futile).

9          To date, 98 of plaintiff's actions have been dismissed as frivolous. *See Maxey v. Cal.*

10  *State Bar Assn.*, 2:14-cv-133-JAM-EFB PS, ECF Nos. 3, 5; *Maxey v. Cal. Medical Bd.*, No. 2:14-

11  cv-238-JAM-EFB PS, ECF Nos. 3, 4; *Maxey v. McConnell*, No. 2:14-cv-269-JAM-EFB PS, ECF

12  Nos. 3, 4. Adjudication of these 98 cases, plus the 45 cases currently pending before the court,

13  has required court staff to avert attention from other actions in a district with a severely impacted

14  caseload to attend to plaintiff's numerous complaints which have proven to be patently

15  frivolously. The court cannot tolerate the waste of its limited resources in this manner.

16  Accordingly, plaintiff is admonished that any further filing of a complaint or pleading by plaintiff

17  which is found to be frivolous will result in a recommendation that he be declared a vexatious

18  litigant and that filing restrictions be imposed. *See Weissman v. Quail Lodge, Inc.*, 179 F.3d

19  1197, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre-filing

20  orders against vexatious litigants with abusive and lengthy histories of litigation.").

21         Accordingly, it is hereby ORDERED that:

22         1. The above-entitled actions are reassigned to Judge Mendez and Magistrate Judge

23  Brennan for all further proceedings.

24         2. Plaintiff's requests for leave to proceed *in forma pauperis*, filed in the above-entitled

25  actions, are granted subject to the recommendation below.

26         3. The Clerk is directed to file a copy of this order and findings and recommendations in

27  the above-entitled cases.

28  /////

1    Further, it is RECOMMENDED that:

2    1.  Plaintiff's motion for a preliminary injunction in *Maxey v. United States of America*,

3    2:13-cv-2620-TLN-DAD PS, ECF No. 4, be denied;

4    2.  Plaintiff's complaints filed in the above-entitled cases be dismissed without leave to

5    amend; and

6    3.  The Clerk be directed to close the above-entitled cases.

7    These findings and recommendations are submitted to the United States District Judge

8    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

9    after being served with these findings and recommendations, any party may file written

10   objections with the court and serve a copy on all parties.  Such a document should be captioned

11   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

12   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

13   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

14   DATED:  April 28, 2014.

15

16                       EDMUND F. BRENNAN
                         UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28